IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRADLEY STEPHEN HEDGES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-1000-WKW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

On March 6, 2012, the Magistrate Judge filed a recommendation that this case be dismissed because Petitioner Bradley Stephen Hedges's 28 U.S.C. § 2255 claims do not entitle him to relief.  (Doc. # 62.)  Mr. Hedges objected to the recommendation.  (Doc. # 66.)  The portions of the recommendation to which a party objects are reviewed *de novo*.  28 U.S.C. § 636(b)(1).

A *de novo* review of the record and law confirms that the recommendation (Doc. # 62) is due to be adopted and the objections overruled.  Mr. Hedges has made four objections to the report: (1) that the recommendation did not address his claim that his counsel was ineffective for failing to appeal his sentence despite being requested to do so, (2) that Mr. Hedges's attorney was ineffective because he failed to fully investigate his client's mental and emotional condition and to call witnesses on mitigating factors, (3) that Mr. Hedges's attorney did not sufficiently argue

grounds for a downward departure, and (4) that Mr. Hedges's attorney failed to object to errors in the Presentence Investigation Report.  Each objection to the Report and Recommendation shall be dealt with in turn.

The Magistrate Judge had the opportunity to take evidence and testimony from Mr. Hedges and Mr. Hawthorne, the petitioner's former attorney, during an evidentiary hearing that was held on February 16, 2012.  The Report and Recommendation contained factual findings by the Magistrate Judge from the evidentiary hearing.  Mr. Hedges does not object to the specific factual findings of the Magistrate Judge, but does object to the legal conclusions drawn from the facts.[1]

Mr. Hedges first objection is to the Magistrate Judge's finding that Mr. Hedges did not reasonably demonstrate an interest in appealing.  As indicated in the Recommendation, Mr. Hedges claimed that the only time he explicitly discussed an appeal with his attorney, Mr. Hawthorne, was immediately after the sentencing hearing, when, he says, he told Mr. Hawthorne to file an appeal.  However, the Magistrate Judge did not find Mr. Hedges's testimony in this regard to be credible. This finding is well-supported and is adopted.  In his objections, Mr. Hedges now

---

[1] While the heading of one of Mr. Hedges's arguments is that he objects to "the factual findings that Attorney James [sic] consulted with Petitioner" (Doc. # 66 at 2) regarding his appeal, Mr. Hedges does not actually argue that the Magistrate Judge made findings of fact that were erroneous but instead argues that other evidence should be given more weight and a different conclusion should have been drawn from the totality of the facts presented.

2

maintains that his statement during his sentencing hearing, wherein he indicated that he had been "told by [his] lawyer and everything else" that the probation office and the government did not object to his placement under house arrest, sufficed as a demonstration of his interest in appealing his sentence. However, this statement does not rise to the level of an expression of his interest in appealing. A desire to appeal cannot be inferred from the surrounding circumstances, because there were no non-frivolous grounds for appeal and Mr. Hedges's plea agreement forfeited his right to appeal a guideline sentence. Mr. Hedges received a guideline sentence adopting all of the government's sentencing recommendations embodied in the plea agreement. A rational defendant in Mr. Hedges's position would not have been interested in appealing, which furthers the presumption that Mr. Hedges did not request an appeal. *See Roe v. Flores–Ortega*, 528 U.S. 470, 480 (2000).

Mr. Hedges received a favorable sentence, at the low end of the applicable guideline range, pursuant to a negotiated plea agreement. The guideline sentence adopted all of the government's sentencing recommendations embodied in the plea agreement. In the context of these facts, Mr. Hedges's statement during the sentencing hearing that he believed there would be no objection to house arrest cannot be construed as a reasonable demonstration of his interest in appealing, and did not

trigger any obligations by his counsel.  Therefore, Mr. Hedges's first objection is due to be overruled.

Mr. Hedges's second, third, and fourth objections challenge findings regarding mitigating evidence that petitioner maintains should have been sought out, admitted and argued by his counsel.  For each of these objections, in order to be entitled to relief, Mr. Hedges must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Darden v. Wainwright*, 477 U.S. 168, 184 (1986).  Mr. Hedges must demonstrate an error by counsel that kept out information that had a reasonable probability of altering the outcome of the sentencing hearing.

Mr. Hedges's second objection reasserts his claim that Mr. Hawthorne failed to conduct a reasonable investigation into his mental and emotional condition.  He maintains that his attorney failed to investigate and introduce all the evidence that would have bolstered his duress or coercion motion for downward departure. However, there is no basis for the contention that mitigating evidence was ignored by counsel or the court.  The facts alleged by Mr. Hedges in his § 2255 motion regarding his personal history do not suggest his particular vulnerability to the influences of others or present compelling grounds to interpret his conduct as coerced, rather than as resulting from his own independent choices.  Nor did Mr. Hedges demonstrate a

4

documented history of serious mental or emotional issues, either at his sentencing or afterward in his § 2255 motion. In fact, at the change of plea hearing, he averred that he had not been treated for any mental illness. Mr. Hedges's second objection fails to point to evidence that would have led to a different outcome on his motion for a downward departure, and is due to be overruled.

    Mr. Hedges's third objection is that counsel did not sufficiently argue grounds for a downward departure. This objection is largely cumulative of his second objection. Mr. Hedges argues that counsel was ineffective for not admitting evidence along the lines contained in the affidavits filed by his mother and sister. However, the Magistrate Judge found in his Recommendation that the matters asserted in these affidavits did not bolster Mr. Hedges's claim that he should receive a duress or coercion downward departure. In his objections, Mr. Hedges also points to a document from Mikie McBride that includes references to "positive information" about Mr. Hedges. There is no indication that McBride's information would have bolstered a duress or coercion motion for downward departure. Mr. Hedges also points to a note from his mother forwarding information about an individual who purportedly could have provided information about Mr. Hedges's co-defendant's propensity toward violence. However, Mr. Hedges presented nothing indicating that this individual would have, or could have, provided information to this effect, or that

5

it would have altered the outcome of the sentencing. The third objection is due to be overruled.

Mr Hedges's fourth objection reasserts his claims about deficiencies in the Presentence Investigation Report and his counsel's failure to object to such deficiencies. None of the errors or omissions alleged in the PSR remotely rise to the level of prejudice, much less the level of prejudice required to prevail on a § 2255 motion. The fourth objection is due to be overruled.

Mr. Hedges received the most favorable guideline sentence available, a sentence at the bottom of the applicable advisory guideline range. Mr. Hedges has failed to demonstrate that additional unconsidered information existed that would have established a reasonable probability that the sentencing court would have departed downwards from a sentence at the bottom of the guidelines. None of the points raised by Mr. Hedges suggests that the outcome would have been different, regardless of any alleged deficiencies in his counsel's performance. Mr. Hedges has not presented any grounds to show that he is entitled to relief on his § 2255 motion. Accordingly, it is ORDERED that:

(1) Mr. Hedges's objections (Doc. # 66) are OVERRULED;

(2) Mr. Hedges's motion in the alternative for post-hearing briefing and argument (Doc. # 66 at 2) is DENIED; and

(3)     The Recommendation (Doc. # 62) that Mr. Hedges's 28 U.S.C. § 2255 motion be DENIED, because the claims therein entitle him to no relief, is ADOPTED, and this case is due to be DISMISSED with prejudice.  An appropriate final judgment will be entered.

DONE this 20th day of June, 2012.

                                                /s/ W. Keith Watkins
                               CHIEF UNITED STATES DISTRICT JUDGE